IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN BRADFORD ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:04-0067 |
| | ) | JUDGE HIGGINS/KNOWLES |
| | ) | |
| OFFICER BILL HAMBY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Plaintiff's "Motion to Amdend [*sic*]." Docket No. 35. Plaintiff seeks to amend his Complaint to substitute Charles Carrillo as a Defendant "in place of Officer John Doe #6." *Id*.

The existing Defendants (not including Mr. Carrillo) have filed a Response in Opposition to the Motion. Docket No. 36. Defendants' main argument is that the statute of limitations has run as to Mr. Carrillo and that Plaintiff cannot satisfy the "relation back" requirements of Fed. R. Civ. P. 15(c). Defendants additionally argue that the Motion is untimely because the deadline for moving to amend the pleadings in this action was January 2, 2005, and Plaintiff did not file the instant Motion to Amend until June 7, 2005.

Plaintiff has filed a "Reply Memorandum" (Docket No. 50) and Defendants have filed a "Responsive Pleading to Plaintiff's Reply . . . ." Docket No. 58.

Plaintiff filed his pro se Complaint on July 26, 2004, alleging violations of 42 U.S.C. §§

1983, 1985, and 1986. Docket No. 1. Plaintiff alleged that he had been an inmate in the Giles County Jail on December 15, 2003, at which time "Defendant John Doe #6 deliberately, maliciously, and intentionally brutally beat the Plaintiff . . . ." Docket No. 1, pg. 21. Plaintiff initially sued the Giles County Sheriff's Department, the City of Pulaski, Tennessee, six "John Doe" Defendants, and two "Jane Doe" Defendants.

On August 20, 2004, the undersigned entered a "Scheduling Order" that provided, in pertinent part, "The parties shall have until November 1, 2004, to move to amend the pleadings." Docket No. 20, p. 2.

On October 6, 2004, an attorney entered an appearance for Plaintiff.

Plaintiff filed the instant Motion to Amend on June 7, 2005.

## II. The Timeliness Of The Instant Motion

As discussed above, the "Scheduling Order" entered August 20, 2004, provided, in pertinent part, "The parties shall have until November 1, 2004, to move to amend the pleadings." Docket No. 20, p. 2.

On November 1, 2004, Plaintiff's counsel filed a "Motion to Amdend [*sic*] Scheduling Order." Docket No. 26. The body of that Motion states as follows:

> Plaintiff, John Robinson hereby moves for an Order Amending the Scheduling Order to allow an additional sixty (60) days to amend the pleadings. The current Scheduling Order indicates that the parties have until 11/1/04 to move to amend the pleadings. As the court knows, this case was initially filed *pro se*. Included in the *pro se* Complaint are a number of John Doe and Jane Doe defendants. Currently, the identities of the various Doe defendants are unknown. However, it is anticipated those identities will be revealed through written and oral discovery. Once their identities are ascertained, it will be necessary to substitute them as defendants in place of the Doe defendants. Thus, plaintiff seeks an additional sixty (60) days to amend his Complaint which will

2

>           allow sufficient time to identify the proper defendants and
>           substitute those individuals in as parties.

*Id.*

On November 16, 2004, the undersigned entered an Order granting the referenced Motion, noting that there had been no opposition to the Motion. Thus, the deadline for filing Motions to Amend the Pleadings became January 2, 2005.

On January 13, 2005, Plaintiff filed another "Motion to Amend Scheduling Order." Docket No. 30. The body of that Motion refers to the fact that an additional sixty (60) days was needed for completion of discovery. Plaintiff further suggested a deadline for discovery, a deadline for discovery-related motions, a deadline for dispositive motions, and a target trial date. Notably, the Motion also stated in part as follows, "Any other motions other than *in limine* or related to trial matters must be filed by May 15, 2005." Docket No. 30, p. 2.

On January 26, 2005, the parties submitted a "Proposed Agreed Order" that amended the Scheduling Order as requested by the "Motion to Amend Scheduling Order." That "Proposed Agreed Order" contained the following language: "Any other motions other than in limine or related to trial matters must be filed on or before May 15, 2005." Judge Higgins entered that Order on January 31, 2005. Docket No. 31.

On February 28, 2005, Defendants filed a "Motion to Amend Scheduling Order." Docket No. 33. Defendants noted that Plaintiff did not object to the Motion. After providing deadlines for discovery, discovery motions, and dispositive motions, the Motion proposes: "Any other motions (other than in limine or related to trial matters) must be filed by July 1, 2005." Docket No. 33, p. 2. Along with the Motion, the parties submitted an Agreed Order that was entered by the undersigned on March 3, 2005. Docket No. 34. That Agreed Order provided in pertinent

3

part: "Any other motions (other than in limine or related to trial matters) must be filed by July 1, 2005."

Plaintiff argues that the instant Motion to Amend was filed before July 1, 2005, and that it is timely. The undersigned disagrees.

As discussed above, the original Scheduling Order provided for a deadline of November 1, 2004, for the parties to move to amend the pleadings. Docket No. 20. On November 1, 2004, however, Plaintiff filed a Motion seeking an additional sixty (60) days in which to move to amend the pleadings. That Motion was granted, and the deadline to file Motions to amend the pleadings became January 2, 2005. That deadline came and went without any Motion to amend the pleadings being filed, and without any Motion seeking an extension of this deadline being filed. It was not until approximately eleven (11) days later, on January 13, 2005, that Plaintiff filed his second Motion to Amend the Scheduling Order.

To the extent that Plaintiff seeks to argue that subsequent amendments to the Scheduling Order (specifically those referring to "any other motions (other than in limine or related to trial matters)") somehow extended the deadline for Motions to Amend, the undersigned disagrees for three reasons. First, the Motion to Amend deadline came and went prior to the entry of any subsequent Order discussing "any other motions . . . ." The deadline expired, and it was not "revived" by any subsequent Orders. Second, the Court's Order extending the deadline for filing Motions to Amend the Pleadings to January 2, 2005, is a specific Order concerning that deadline. The language in subsequent Orders ("any other motions. . . .") is general language. The Court is of the opinion that the specific Order concerning Motions to Amend governs over a general provision for "any other motions . . . ." Third, the parties should have realized that the language

4

"any other motions . . . ." did not include Motions to Amend because of the dates involved as compared to other dates in the Scheduling Order. For example, the last Agreed Scheduling Order (Docket No. 34) provided for a discovery cut-off date of April 29, 2005, a deadline for discovery motions of May 13, 2005, and a dispositive motion deadline of July 1, 2005. *Id.* The Order also provided: "Any other motions (other than in limine or related to trial matters) must be filed by July 1, 2005." *Id*. It would have made absolutely no sense, from a case management perspective, to set the Motion to Amend deadline two (2) months after the discovery cut-off deadline and the same date as the deadline for dispositive motions.

### III. The Statute Of Limitations

Even if the Motion were timely, however, it should be denied. It is clear that the one-year statute of limitations governing Plaintiff's §§ 1983, 1985 and 1986 claims (T.C.A. § 23-3-104(a)(3)) expired on December 15, 2004. The instant Motion was filed June 7, 2005. Thus, the statute of limitations has clearly expired unless Plaintiff's proposed amendment substituting Charles Carrillo for John Doe #6 relates back to the filing of the Complaint on July 26, 2004. The undersigned concludes, based upon Sixth Circuit precedent and the plain language of Fed. R. Civ. P. 15(c)(3), that the proposed amendment does not relate back.

Fed. R. Civ. P. 15(c)(3) provides as follows:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>
> . . .
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied [requiring that the claim asserted in the amended pleading arose out of the conduct's transaction or recurrence set forth in the original pleading] and, within the period provided by Rule 4(m) for

5

> service of the summons and complaint [120 days], the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, *but for a mistake concerning the identity of the proper party, the action would have been brought against the party.*

(Emphasis added.)

Thus, in order for the proposed instant amendment to relate back, *all* of the following requirements must be met: (1) the claim must arise out of the same conduct, transaction, or occurrence set forth in the original pleading, and (2) within 120 days after the filing of the original complaint, the party to be brought in by amendment received notice of the action such that he will not be prejudiced in maintaining a defense on the merits, and (3) within 120 days after the filing of the complaint, the person to be brought in knew or should have known that the action would originally have been brought against him, "but for a *mistake* concerning the identity of the proper party." (Emphasis added.)

In the case at bar, Plaintiff does not argue that there was any "mistake" concerning the identity of the proper party. Instead, Plaintiff concedes that the original Complaint named "John Doe #6" as a Defendant simply because Plaintiff did not know the identity of that Defendant.

The Sixth Circuit has held that "the mistake provision of Rule 15(c)(3)(B) requires, as its language suggests, a mistake or misnomer in name of the original defendant," and that a plaintiff's lack of knowledge of the names of the "unknown officers" is not such a mistake or misnomer. *Force v. City of Memphis,* 1996 U.S. App. LEXIS 30233 (November 14, 1996) at *13-14. In *Force*, Plaintiff filed a § 1983 action against the City of Memphis and "several unknown City of Memphis police officers." Plaintiff later attempted to amend his Complaint to specifically name the police officers after he discovered who they were. Plaintiff, in *Force*,

6

conceded that his Amended Complaint against the individual officers was barred by the applicable statute of limitations, unless the Amended Complaint related back to the original Complaint. In the course of its opinion, the Sixth Circuit stated in pertinent part as follows:

> We have recently held that this [mistake] requirement [of Rule 15(c)(3)(B)] is not satisfied where the caption of an original complaint refers to "unknown police officers" and, after the expiration of the applicable limitations, an amended complaint specifically names those officers. [*Citing Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).]
>
> . . .
>
> Other Courts of Appeals also limit relation back where a new party is added by an amended pleading to instances of mistake or misnomer. . . . Although *Cox* represents the first Sixth Circuit application of this rule, in a case where named parties have been substituted for parties originally described as "unknown," we have long held that "FRCP 15(c) allows the correction of misnomers but not the addition or substitution of new parties after the statute of limitations has expired."
>
> . . .
>
> The *Cox* Court simply clarified that "substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties."

*Id*. at *11-13.

The undersigned notes that the Sixth Circuit has also decided a case that is apparently contrary to *Force* and *Cox*. *See Friedmann v. Campbell*, 1999 U.S. App. LEXIS 29691. In *Friedmann*, Plaintiff filed suit under 42 U.S.C. § 1983 against the Commissioner of the Tennessee Department of Correction and a "John Doe" Defendant. He subsequently moved to amend his Complaint seeking to substitute Jim Rose, the Assistant Commissioner of the Department of Correction, for the "John Doe" Defendant. The Magistrate Judge recommended

7

denying the Motion to Amend because it was barred by the applicable statute of limitations, and the District Court denied the Motion.

On appeal, the Sixth Circuit concluded that the District Court had improperly denied Plaintiff's Motion to Amend his Complaint. The *Friedmann* Court stated in part:

> This court has a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim. . . . It is incumbent on the court to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds.

The *Friedmann* Court cited *Cox* for the proposition that Plaintiff's attempt to substitute Rose for the "John Doe" Defendant was considered a change in parties. The *Friedmann* Court further stated that Plaintiff must meet the requirements of Fed. R. Civ. P. 15(c) for the change to relate back. The *Friedmann* Court, however, did not discuss the requirement that there be a "mistake" concerning the identity of the person sought to be substituted for the "John Doe" Defendant.

*Friedmann*, which is an unpublished decision of the Sixth Circuit, appears to be directly contrary to *Cox*, which is a published decision of the Sixth Circuit. Under these circumstances, the undersigned believes that *Cox* should be followed.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Amdend [*sic*] (Docket No. 35) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this

8

Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge