UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN BRADFORD ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER BILL HAMBY, et al., )<br>)<br>Defendants. ) | Case No. 1:04-0067<br>Judge Higgins / Knowles<br>Jury Demand |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Pending before the Court is a Motion for Summary Judgment filed by Defendants Bill Hamby, Philip King, Anthony Norwood, Miller Meadows, Tommy Chapman, Michael Chapman, Eddie Bass, Carol Ann Johnson, and the Giles County Sheriff's Department. Docket Entry No. 36. As an initial matter, Plaintiff has stated in his Response to the Motion that he does not contest the dismissal of Defendants Anthony Norwood, Miller Meadows, Tommy Chapman, Michael Chapman, Carol Ann Johnson, and the Giles County Sheriff's Department. Docket Entry No. 55. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED with respect to those Defendants, and that those Defendants be dismissed. Plaintiff additionally does not contest the dismissal of the individual capacity claims against Eddie Bass. *Id.* The undersigned therefore also recommends that Defendants' Motion for Summary Judgment be GRANTED with respect to the individual capacity claims against Defendant Bass.

1

After the unopposed dismissal of the aforementioned Defendants, individual and official capacity claims against Officers Bill Hamby and Phillip King, Officers John Doe one through six, and Officers Jane Doe one and two, remain. Additionally, official capacity claims remain against Eddie Bass. The allegations against these Defendants will be addressed herein.

In support of their Motion for Summary Judgment, Defendants have contemporaneously filed a Memorandum of Law with Exhibits (Docket Entry 39), a Statement of Material Facts (Docket Entry No. 40), Plaintiff's Deposition (Docket Entry No. 42), and the Depositions of Charlene Rudd (Docket Entry No. 43), Billy Hamby (Docket Entry No. 44), Miller Meadows (Docket Entry No. 45), Harwell Bruce McCluskey (Docket Entry Nos. 46 and 47), and Michael Chapman (Docket Entry No. 48).

Plaintiff has filed a "Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment," which the Court will construe as a Response. Docket Entry No. 55. Plaintiff has contemporaneously filed a Response to Defendants' Statement of Material Facts (Docket Entry No. 56), as well as a series of Exhibits (Attachments to Docket Entry No. 54).

With leave of Court (Docket Entry No. 61), Defendants have filed a Reply to Plaintiff's Response (Docket Entry No. 62).

Plaintiff, who originally filed this action pro se, but who is now represented by counsel, raises claims under 42 U.S.C. §§ 1983, 1985, and 1986. Docket Entry No. 1. Plaintiff alleges "excessive use of force, denial of equal protections [*sic*] of the law, denial of due process of the law, conspiracy to violate a persons [*sic*] civil rights, and denial of privileges and immunities and failure to train and abuse of process." *Id.* The events of which Plaintiff complains allegedly

2

occurred while Plaintiff was confined in the Giles County Jail in Pulaski, Tennessee.[1] *Id.*

Plaintiff initially sued "Giles County Sheriff Bill Hamby," "Giles County Sheriff Philip King," "Sargent [*sic*] Jane Doe #1," "Officer John Doe #1," "Giles County Sheriff Sargent Anthony Norwood," "Officer John Doe #2," "Officer John Doe #3," "Officer John Doe #4," "Giles County Sheriff Lieutenant Miller Meadows," "Officer John Doe #5," "Giles County Sheriff Lt. Chapman," "Officer John Doe #6," "Giles County Sheriff Detective Chapman," "Officer Jane Doe #2," "Giles County Sheriff's Administrator Carol Ann Johnson," and "Giles County Sheriff Eddie Bass," in their individual and official capacities.[2] Docket Entry No. 1. Plaintiff additionally sued the City of Pulaski and the Giles County Sheriff's Department.[3] *Id.* Plaintiff demands a jury trial and seeks declaratory and injunctive relief, as well as compensatory and punitive damages. *Id.*

Defendants filed their Answer denying liability and asserting that they are qualifiedly immune from liability. Docket Entry No. 22. Defendants further assert that, "Plaintiff has failed to attach copies of the grievances he allegedly filed, and thus he has failed to demonstrate that he has exhausted his administrative remedies as required by the Prisoner Litigation Reform Act, 42

---

[1] Plaintiff was subsequently transferred to the South Central Correctional Center in Clifton, Tennessee, but has since been released.

[2] As has been noted, Plaintiff does not contest the dismissal of the individual and official capacity claims against Defendants Anthony Norwood, Miller Meadows, Tommy Chapman, Michael Chapman, Carol Ann Johnson, and the Giles County Sheriff's Department, nor does Plaintiff contest the dismissal of the individual capacity claims against Eddie Bass. Docket Entry No. 55. Accordingly, only the individual and official capacity claims against Officers Bill Hamby and Phillip King, Officers John Doe one through six, and Officers Jane Doe one and two, remain, as well as the official capacity claims against Eddie Bass.

[3] Pursuant to an Order entered by Judge Higgins on January, 31, 2005 (Docket Entry No. 32), the City of Pulaski was terminated as a Defendant, and is no longer a party to this action.

3

U.S.C. § 1997e(a)." *Id.*

Plaintiff filed a Motion to Amend his Complaint, in which he sought to substitute Charles Carrillo in place of Defendant John Doe number six. Docket Entry No. 35. Defendants' filed a Response (Docket Entry No. 36) opposing Plaintiff's Motion to Amend, to which Plaintiff, with leave of Court (Docket Entry No. 49), filed a Reply (Docket Entry No. 50). On November 8, 2005, the undersigned submitted a Report and Recommendation (Docket Entry No. 64) recommending that Plaintiff's Motion to Amend be denied.

Defendants filed the instant Motion for Summary Judgment and accompanying submissions on July 1, 2005. Docket Entry Nos. 38-48. As grounds for their Motion, Defendants assert the following: (1) "the Giles County Sheriff's Department is not a legal entity capable of being sued"; (2) "Plaintiff has not suffered the deprivation of any constitutional right"; (3) "Defendants in their individual capacities should be dismissed as a matter of law because of the doctrine of qualified immunity"; (4) "under 42 U.S.C. § 1983, Giles County cannot be held responsible for the actions of its employees"; and (5) "punitive damages are not available under 42 U.S.C. § 1983 from a municipality and the Plaintiff's claims for such punitive damages against any Defendant in his official capacity must therefore be dismissed as a matter of law." Docket Entry No. 39.

As has been discussed, Plaintiff filed a "Memorandum of Law In Opposition to Defendants' Motion for Summary Judgment" in which he did not contest the dismissal of certain Defendants. Docket Entry No. 55. Plaintiff does contend, however, that genuine issues as to material fact exist as to the remaining Defendants, with regard to whether those Defendants used excessive force in violation of Plaintiff's Eighth Amendment rights while he was incarcerated in

4

the Giles County Jail. *Id.* Plaintiff further contends that genuine issues as to material fact exist with regard to whether the remaining Defendants are entitled to qualified immunity. *Id.*

Defendants, in their Reply, contend that, "there is simply no credible evidence that the Plaintiff's constitutional rights were violated on December 8, and further contend that the Plaintiff's alleged injury was a result of his own attempt to turn his move from segregation to the B pod into such a violation." Docket Entry No. 62. Defendants "continue to assert that the Plaintiff's constitutional rights were not violated as a result of any action on the part of these Defendants." *Id.*

For the reasons discussed below, the undersigned concludes that, after viewing all the facts and inferences in favor of the nonmoving party, genuine issues as to material fact exist with regard to whether the level of force Defendants Bill Hamby and Phillip King used to move Plaintiff from his "segregated cell" to the "B pod" was excessive. The undersigned therefore recommends that Defendants' Motion for Summary Judgment be DENIED with respect to the § 1983 individual capacity claims against those Defendants. The undersigned also recommends, however, that Defendants' Motion for Summary Judgment be GRANTED with respect to the remainder of Plaintiff's claims.

## II. Undisputed Facts[4]

At all times relevant to the case at bar, Plaintiff was incarcerated at the Giles County Jail. Docket Entry No. 42, Deposition of John Bradford Robinson ("Plaintiff's Dep."), p. 23. On

---

[4] The following facts are in a form required by Fed. R. Civ. P. 56(c) and are undisputed, except as otherwise noted below.

December 8, 2003, Defendants Bill Hamby and Philip King moved Plaintiff from a "segregated cell," up some stairs, to the "B pod." Plaintiff's Dep., pp. 66-71. At the time of his transfer, Plaintiff was handcuffed and shackled. *Id.,* p. 67; Docket Entry No. 44, Deposition of Bill Hamby ("Hamby Dep."), p. 18. Plaintiff refused to walk up the stairs to the "B pod"; he sat down at the door to the "B pod" and refused to move. Plaintiff's Dep., pp. 66-71; Hamby Dep., pp. 21-26. Because Plaintiff refused to move, Defendants Hamby and King physically carried Plaintiff up the stairs.[5] *Id.*

The stairs up which Plaintiff was carried are concrete and steel. Hamby Dep., p. 25. Later that day, Plaintiff complained that his shin was swollen, bruised, and had a knot on it with a cut. Plaintiff's Dep., p. 74. Plaintiff was taken to the hospital the same day, where he received x-rays, stitches, a shot, and pain medication. Plaintiff's Dep., p. 76; Hamby Dep., pp. 33, 34.

### III. Analysis

**A. Summary Judgment Standards**

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

---

[5]Plaintiff testified in his Deposition that, during his transport, Defendants Hamby and King "picked [him] up and slammed [him] back down," and that "one of them kicked [him], and one of them kneed [him] and then they just drug [him]." Plaintiff's Dep., pp. 67-68.

6

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**B. 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

7

> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress...

In order to assert a § 1983 claim, a plaintiff must prove that he was deprived of a right secured by the Constitution or the laws of the United States, and that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-57, 98 S. Ct. 1729, 1733-34, 56 L. Ed. 2d 185 (1978); *Mays, Jr., M.D. v. City of Dayton,* 134 F.3d 809, 813 (6th Cir. 1997). Thus, the first step in analyzing a § 1983 claim is to identify the specific constitutional right allegedly violated. *Graham v. Connor*, 490 U.S. 386, 394 (1989).

In the case at bar, Plaintiff alleges that Defendants Hamby and King violated his Eighth Amendment rights when they allegedly utilized excessive force in moving him from the "segregated cell" to the "B pod." *See* Docket Entry No. 1; Docket Entry No. 55. Plaintiff testified in his Deposition in pertinent part as follows:

> Q. Okay. What happened?
> A. Well, I was refusing to go. ... I sat down.
> Q. Okay. What happened?
> A. That's when they told me to get up ... So, they came over, each
>    one of them on my arm, picked me up and slammed me
>    back down. I think Philip is the one that kicked me. ...
> Q. Do you know his last name?
> A. Philip King. He was on my right side. And Bill, he was on my
>    – I just can't remember. One of them kicked me, and one
>    of them kneed me, and then they just drug me.
>                       . . .
> Q. So they picked you up and basically carried you up the steps,
>    correct?
> A. No.
> Q. All right. How were they doing it?
> A. Dragging me violently, aggressively, quick, hard.

Plaintiff's Dep., pp. 67-68, 70.

Although Defendants Hamby and King deny utilizing excessive force in effecting Plaintiff's transfer from his "segregated cell" to the "B pod," the Court, when presented with a Motion for Summary Judgment, must view the evidence in the light most favorable to the nonmoving party. Plaintiff's sworn Deposition testimony is in a form required by Fed. R. Civ. P. 56, and his allegations of being "kicked," "kneed," and "drug," are sufficient to create a genuine issue as to material fact with regard to whether the level of force used to move Plaintiff was reasonable or excessive. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be DENIED with respect to Plaintiff's § 1983 individual capacity claims against Defendants Hamby and King.

## C. Defendants Hamby and King: Qualified Immunity

Defendants Hamby and King have asserted that they are qualifiedly immune from liability. Docket Entry No. 22. Qualified immunity is "an *immunity from suit* rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). Qualified immunity generally shields government officials performing discretionary functions from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1983). The right at issue "must have been articulated with a significant degree of particularity," (*Eugene D. v. Karman*, 889 F.2d 701, 706 (6th Cir. 1989), so that it is sufficiently clear to a reasonable official that his or her conduct would violate the right at issue. Qualified immunity is available as long as the official's actions "could reasonably have been thought consistent with the rights

9

[he or she is] alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S. Ct. 3034, 3038, 97 L. Ed. 2d 523 (1987).

The initial inquiry and threshold question, according to the Supreme Court, is: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.*, *citing Siegert v. Gilley,* 500 U.S. 226, 232, 111 S. Ct. 1789, 1973, 114 L. Ed. 2d 277 (1991). If no constitutional right was violated, there is no necessity for further inquiry. *Id.*

A critical question is whether "any official in the defendants' position would understand that what he did violated those rights." *O'Brien v. City of Grand Rapids*, 23 F. 3d 990, 999 (6th Cir. 1994). Qualified immunity, therefore, "does not turn on the subjective good faith of the official; rather, it turns on the 'objective legal reasonableness' of his actions, assessed in light of the legal rules that were 'clearly established' at the time the actions were taken." *Id.,* (quoting *Harlow*, 457 U.S. at 818-19). "If officers of reasonable competence could disagree on whether the conduct violated the plaintiff's rights," qualified immunity will apply. *Id.*, (quoting *Grossman v. Allen*, 950 F. 2d 338, 341 (6th Cir. 1991)(citations omitted).

As has been discussed, Plaintiff testified during his Deposition that Defendants Hamby and King "kicked," "kneed," and "drug" him. Plaintiff's Dep., pp. 68-70. Viewing all the facts and inferences in Plaintiff's favor, as the Court must do, "any official in the defendants' position" would understand that kicking, kneeing, and dragging a prisoner (even one who is refusing to move and sitting down) would violate that prisoner's constitutional rights. Accordingly, the undersigned cannot conclude at this juncture that Defendants Hamby and King are qualifiedly immune from liability.

10

### D. Defendants John and Jane Does

The unnamed Officers are entitled to summary judgment because the filing of a John or Jane Doe complaint does not toll the statute of limitations unless and until the unnamed parties are identified, named, and served with process. *See Bufalino v. Michigan Bell Tel. Co.,* 404 F.2d 1023, 1028 (6th Cir.1968).

There is a one-year statute of limitations on claims asserted pursuant to 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983. Plaintiff's § 1983 claims against the unnamed Officers began running on December 8, 2003, the date that the events of which he complains allegedly occurred. The one-year statute of limitations period has since expired, and, even if Plaintiff attempted to substitute named individuals for the John and Jane Doe Defendants, his claims would not relate back to the filing of the initial Complaint. *See* Docket Entry No. 64. Thus, because the unnamed Officers were not identified, named, and served before the running of the limitations period, Plaintiff's action against them is time-barred.

### E. Official Capacity Claims

In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*. As has been discussed, in order for the public entity to be subject

11

to liability under § 1983, the plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton*, 489 U.S. at 387-88; *Monell,* 436 U.S. at 690-91.

Insofar as Plaintiff brings the instant § 1983 claims against Defendants in their official capacities, Defendants stand in the shoes of the entity they represent (*see Claybrook*, 199 F.3d at 355 n.4), which is either the Giles County Sheriff's Department or the City of Pulaski. As has been noted, the City of Pulaski has already been dismissed from this action and Plaintiff does not contest the dismissal of the Giles Country Sheriff's Department. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED with respect to Plaintiff's official capacity claims.

### F.  42 U.S.C. §§ 1985 and 1986

Plaintiff, in his Complaint, also asserts claims pursuant to 42 U.S.C. §§ 1985 and 1986. *See* Docket Entry No. 1. Generally, § 1985 prohibits class-based conspiracies to deny an individual his civil rights. *See* 42 U.S.C. § 1985. In *Johnson v. Hills & Dales Gen.* Hosp., 40 F.3d 837, 839 (6th Cir. 1994), the Sixth Circuit enumerated the following elements of a conspiracy claim under § 1985:

> (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

Courts have construed the language of the second element, above, as requiring plaintiffs to allege that the conspiracy in question was motivated by a class-based animus, such as race. *See Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).

Section § 1986 operates in conjunction with § 1985 and is concerned with holding liable

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed . . . .

42 U.S.C. § 1986. Accordingly, no claim for relief under § 1986 will lie unless a plaintiff is first able to establish a valid claim under § 1985. *See Azar v. Conley*, 456 F.2d 1382, 1385 n.2 (6th Cir. 1972).

Although Plaintiff originally raised claims under 42 U.S.C. §§ 1985 and 1986, Plaintiff has not come forward with *any* evidence in a form required by Fed. R. Civ. P. 56 to support the allegations of his Complaint. Accordingly, Plaintiff cannot sustain his claims under 42 U.S.C. §§ 1985 and 1986. The undersigned therefore recommends that Defendants' Motion for Summary Judgment be GRANTED with respect to those claims.

**G. Injunctive Relief**

Plaintiff filed his Complaint on July 26, 2004. Docket Entry No. 1. In his Complaint, Plaintiff seeks injunctive relief. *Id.*

On December 8, 2003, the date the alleged events occurred, Plaintiff was incarcerated at the Giles County Jail. Plaintiff was transferred from the Giles County Jail to the South Central Correctional Facility on December 17, 2003. Plaintiff has subsequently been released from

13

custody.  *See* Plaintiff's Dep., pp. 92-93.

At the time that Plaintiff filed his Complaint, he was no longer incarcerated at the Giles County Jail.  Because Plaintiff was no longer incarcerated at the Giles County Jail when he filed his Complaint, Plaintiff does not have standing to seek injunctive relief.  *See, e.g., Cleveland Branch v. City of Parma*, 263 F.3d 513 (6th Cir. 2001); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 180-81 (2000).  Plaintiff's claims for injunctive relief should therefore be dismissed.

## IV.  Conclusion

For the foregoing reasons, the undersigned concludes that, after viewing all the facts and inferences in favor of the nonmoving party, genuine issues as to material fact exist with regard to whether the level of force Defendants Bill Hamby and Phillip King used to move Plaintiff from his "segregated cell" to the "B pod" was excessive.  The undersigned therefore recommends that Defendants' Motion for Summary Judgment be DENIED with respect to the § 1983 individual capacity claims against those Defendants.  The undersigned also recommends, however, that Defendants' Motion for Summary Judgment be GRANTED with respect to the remainder of Plaintiff's claims.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v.*

*Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge